Harold MIDDLETON

v.

NOBLE DRILLING CORP., et al.

No. CIV.A. G–99–333.

United States District Court,
S.D. Texas,
Galveston Division.

March 30, 2000.

Dennis M. McElwee, Schechter and Marshall, Houston, TX, for Harold Middleton, plaintiff.

Ervin A. Apffel, Jr., McLeod Alexander et al., Galveston, TX, Christopher L. Evans, Meyer Orlando and Evans, Houston, TX, for Noble Drilling Corp., defendant.

John Logan Engvall, Jr., Karotkin & Engvall, Houston, TX, for Brand Scaffold Services, Inc., defendant.

Michael Don Williams, Brown Sims Wise & White, Houston, TX, for Southern Sandblasting & Coatings, Inc., defendant.

### ORDER DENYING DEFENDANT NOBLE DRILLING (PAUL WOLFF) LTD.'S MOTION TO DISMISS UNDER RULE 12(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

KENT, District Judge.

Plaintiff alleges he sustained serious injuries to his neck and shoulder while working aboard the PAUL WOLFF, a mobile drilling rig. On February 8, 2000, one of the Defendants, Noble Drilling (Paul Wolff) Ltd., filed its Motion To Dismiss Under Rule 12(b) Of The Federal Rules of Civil Procedure, which is now before the Court. Defendant contends that dismissal is warranted because the Court lacks personal and subject matter jurisdiction, and

also because service of process was defective. For reasons set forth more fully below, Defendant's Motion is **DENIED** in its entirety.

## I. Insufficiency of Service of Process

Defendant Noble Drilling (Paul Wolff) Ltd. is a limited partnership, created and existing under the laws of the Cayman Islands, British West Indies. The British West Indies is a signatory to the Hague Convention. The Defendant devotes only a single paragraph to arguing that service of process was not in compliance with the requirements of the Hague Convention and Fed.R.Civ.P. 4(f) and 4(h). Unfortunately, the Defendant does not specify exactly how Plaintiff's service contravened the provisions of the Hague Convention. Instead, Defendant simply asserts that "On its face, Plaintiff's attempted service upon this Defendant fails to comply with Rule 4."

Plaintiff served Defendant pursuant to Tex. Civ. Prac. & Rem.Code Ann. § 17.044(a)(3). Under this "substituted service" provision, a plaintiff may serve the Secretary of State, who is considered an agent of the non-resident defendant. The Secretary of State then mails a copy of the summons along with Plaintiff's Complaint to the non-resident defendant.

■ Because no specific deficiencies were noted by the Defendant, the Court is forced to assume that Defendant is arguing that substitute service pursuant to § 17.044(a)(3) is itself inconsistent with the provisions of the Hague Convention. Not only does Defendant fail to proffer any explicit argument, but Defendant also fails to cite any authority for the proposition that substitute service pursuant to § 17.044(a)(3) contravenes the provisions of the Hague Convention. Judge Solis of the Northern District of Texas has recently examined this issue in great detail, and the Court is persuaded by his thorough and cogent analysis. See *Paradigm Entertainment, Inc. v. Video System Co., Ltd.*, No. Civ. A. 3:99–CV–2004P, 2000 WL 251731 at *7 (N.D.Tex. Mar.3, 2000) (Solis, J.) (holding that substitute service pursuant to Tex. Civ. Prac. & Rem.Code § 17.044(a)(3) is not inconsistent with Article 10(a) of the Hague Convention); *see also Smith v. Dainichi Kinzoku Kogyo Co., Ltd.*, 680 F.Supp. 847, 849 (Smith, J.) (service of process via registered mail upon Japanese corporation comports with requirements of Hague Convention). Defendant's Motion To Dismiss for Insufficiency of Service of Process is **DENIED.**

## II. Personal Jurisdiction

Defendant Noble Drilling (Paul Wolff) Ltd. is apparently the non-employer vessel owner in this action. As previously noted, this Defendant is a limited partnership, created and existing under the laws of the Cayman Islands, British West Indies. Defendant makes a cursory argument, developed in but a single paragraph, that this Court lacks personal jurisdiction over Defendant because it "has neither transacted business within nor otherwise sought the protection of the laws of the state of Texas..."

■ In Federal Court, personal jurisdiction over a nonresident defendant is proper if: (1) the defendant is amenable to service of process under the forum state's long-arm statute; and (2) the exercise of personal jurisdiction over the defendant is consistent with due process. See *Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir.1992). The Texas long-arm statute authorizes service of process on a nonresident defendant if the defendant is determined to be "doing business" in Texas. See Tex. Civ. Prac. & Rem.Code Ann. § 17.042. Because the phrase "doing business" has been interpreted to reach as far as the United States Constitution permits, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due-process inquiry. See *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir.1993).

Whether the exercise of personal jurisdiction over Defendants is consistent with the Due Process Clause of the United

States Constitution likewise requires a two-pronged inquiry. First, the Court must conclude that Defendants have "minimum contacts" with Texas. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Second, the Court must determine that requiring Defendants to litigate in Texas does not offend "traditional notions of fair play and substantial justice." *Id.; see also Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir.1994); *Ruston,* 9 F.3d at 418. The "minimum contacts" aspect of due process can be satisfied by either finding specific jurisdiction or general jurisdiction. *See Wilson,* 20 F.3d at 647. If the conduct of a defendant that supports personal jurisdiction is related to a stated cause of action, personal jurisdiction is known as "specific jurisdiction." *See Ruston Gas Turbines,* 9 F.3d at 418–19; *Villar v. Crowley Maritime Corp.,* 990 F.2d 1489, 1496 (5th Cir.1993). The minimum contacts prong for specific jurisdiction can be satisfied by a single act if the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (holding that a defendant establishes minimum contacts by purposely engaging in conduct directed toward the forum state "such that [the defendant] should reasonably anticipate being haled into court there"); *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958); *see also Bullion v. Gillespie,* 895 F.2d 213, 216 (5th Cir.1990) ("It is well settled that specific jurisdiction may arise without the nonresident defendant's ever stepping foot upon the forum state's soil . . . ."). Alternatively, if a defendant has insufficient contacts related to a stated cause of action to support specific jurisdiction, contacts unrelated to the cause of action may confer general jurisdiction. However, these contacts with the foreign state must be both "continuous and systematic" and "substantial." *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984); *Villar,* 990 F.2d at 1496.

At the outset, the Court notes that although the burden is on Plaintiff, he need only make a prima facie showing of jurisdiction, and his allegations in that regard are to be taken as true unless controverted; moreover, any conflicts are to be resolved in his favor. *See Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d 784, 785 (5th Cir. 1990).

Plaintiff points out that the mobile drilling vessel was undergoing extensive repairs at a dock in Port Arthur, Texas. Moreover, Defendant, as vessel owner, or one of its agents, entered into a Master Service Agreement with Plaintiff's employer, M & I Electric Industries, Inc., to perform repair work on Defendant's vessels. The Master Service Agreement lists Houston, Texas as the address for M & I Electric Industries, Inc. Finally, Plaintiff was injured in the course of repairing the vessel, pursuant to the terms of the Master Service Agreement, while the vessel was docked in Texas. In its Motion to Dismiss, Defendant mentions neither the Master Service Contract, nor the fact that the repair work was being performed at a Texas dock.

Plaintiff has certainly made a prima facie showing of personal jurisdiction. The Court finds that Defendant's actions in having a vessel undergo repairs at a Texas port, pursuant to the terms of a contract with a Texas firm, is the sort of purposeful availment sufficient to satisfy the "minimal contacts" prong of the test for specific jurisdiction in a suit seeking damages for personal injury arising out of the execution of that repair work. Secondly, the Court finds that it hardly offends "traditional notions of fair play and substantial justice" for Defendant to be subjected to the personal jurisdiction of a Texas court to answer for the injury to a Texas resident allegedly caused by Defendant's operations in a Texas port. Consequently, Defendant's Motion to Dismiss based on a lack of personal jurisdiction is **DENIED.**

### III. Subject Matter Jurisdiction

Defendant also contends that the Court lacks subject matter jurisdiction because the PAUL WOLFF is not a vessel and Plaintiff Middleton was not engaged in a "traditional maritime pursuit." An analysis of either of these claims is a highly fact intensive enterprise, but Defendant proffers no facts whatsoever in support of its contentions. Instead, Defendant merely asserts, in a single paragraph, that the Court lacks subject matter jurisdiction on these two alternative bases. Consequently, Defendant's Motion To Dismiss based on a lack of subject matter jurisdiction is summarily **DENIED.** Defendant is free to raise these issues for the Court's consideration at a later date, provided that sufficient factual detail and caselaw authority are provided in order to assist the Court in the resolution of these issues.

### IV. Conclusion

Defendant's Motion to Dismiss Under Rule 12(b), contending that service of process was insufficient, and that the Court lacks personal and subject matter jurisdiction, is **DENIED** in its entirety. The parties are **ORDERED** to file no further Motions on these issues, including Motions for Reconsideration and the like, with the exception that Defendant may raise objections to the Court's subject matter jurisdiction at a later time, **PROVIDED** that sufficient caselaw authority and factual detail are supplied so as to enable the Court to render a meaningful analysis.

**IT IS SO ORDERED.**